

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Tom A. Craven
County Auditor,
McLennan County
Waco, Texas

Dear Sir:

                        Opinion No. O-1903
                        Re: 1. May constable receive pay from
                                city under provisions of Arti-
                                cle 999, R. C. S., 1925, in per-
                                forming duties of city marshal?

                              2. May county juvenile officer
                                in counties of not less than
                                thirty-five thousand (35,000)
                                and not more than one hundred
                                thousand (100,000) population,
                                receive an allowance from a
                                city in such county as expense
                                for the use of his car in con-
                                nection with the performance
                              of his duties.

                            3. May constable receive pay from
                                cities within his precinct for
                                performing the duties of city
                                fireman?

     Your request for an opinion from this department, as contained in your letter of June 16, contains the follow-ing queries:

     "1. Where a city of less than 5000 popula-tion under the provisions of Article 999, R.C.S., 1925, by city ordinance, abolishes the office of City Marshal, may the Constable of the precinct in which such city is located be authorized to receive from such city a monthly, or any other, compensation for performing the duties of City

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Marshal, and at the same time receive the fees of office provided under the statutes relating to Constables?

"2. Can the Juvenile Officer of a county having not less than 35,000 and not more than 100,000 population and containing a city of more than 29,000 population receive, in addition to the salary and expense provided in Article 5142, R.C.S., 1925, as amended, an allowance from a city in such County for expense in the use of his car in the performance of the duties connected with the Juvenile department of such city?

"3. Can the Constable duly elected and acting as such at the same time be a member of the fire department of a city within his precinct and receive pay for his services to such fire department and the fees of office provided by law for his services as Constable?"

Article 16, Sec. 40 of the Constitution of Texas provides:

"No person shall hold or exercise, at the same time, more than one civil office of emolument, except that of Justice of the Peace, county commissioner, notary public, and postmaster, officer of the National Guard, the National Guard Reserves, and the Officers Reserve Corps of the United States, and enlisted men of the National Guard, the National Guard Reserves, in the organized reserves of the United States, unless otherwise specially provided herein. . ."

The relevant provisions of Article 999 of the Revised Civil Statutes of 1925, read as follows:

". . . The governing body of any city or town having less than three thousand (3,000) inhabitants according to the preceding Federal census, may by an ordinance, dispense with the office of marshal, and at the same time by such ordinance confer the duties of said office upon any peace officer of the county, but no marshal elected by the people shall be removed from his office under the provisions of this Article."

Article 5142, as amended, and its pertinent provisions read as follows:

"There may be appointed, in the manner hereinafter provided, discreet persons of good moral character to serve as juvenile officer for periods not to exceed two (2) years from date of appointment. Such officers shall have authority and it shall be their duty to make investigations of all cases referred to them as such by such Board; to be present in Court and to represent the interests of the juvenile when the case is heard, and to furnish to the Court and such Board any information and assistance as such Board may require and to take charge of any child before and after the trial and to perform such other services for the child as may be required by the Court or said Board, and such juvenile officer shall be vested with all the power and authority of police officers or sheriffs incident to their offices...

"Provided that in counties having a population of not less than thirty-five thousand (35,000), and not more than one hundred thousand (100,000), and containing a city of more than twenty-nine thousand (29,000) population, one juvenile officer may be appointed by the County Judge with the approval of the Commissioners' Court, when in their opinion the services of such officers are needed whose salaries shall not exceed two hundred dollars ($200) per month, and expenses not to exceed two hundred dollars ($200) per year....

"In the appointment of all juvenile officers, the County Judge and the County Juvenile Board may select for such office any school attendance officer or officers of the county, or of school districts in the county, that may be authorized by law, and the salary and expense of such joint juvenile officer or officers and attendance officers shall be paid jointly by the county and school authorities upon any basis of division they may agree upon ...." (Underscoring ours)

The definition given by Bouvier, 3d ed. vol. 1, p. 1035, defines emolument as the profit arising from office or employment; that which is received as a compensation for services, or which is annexed to the possession of office as sal-

Mon. Tom A. Craven - page 4

ary, fees, and perquisite; advantage, gain, public or private.
Webster. It imports perquisite, advantage, profit or gain
arising from the possession of an office.

Members of the fire department are held to be public
officers -- Gregoire v. City of Lowell, 148 N.E. 376; Barnes et
al v. City of Waco, 262 S.W. 1081.

Within the meaning of the above-quoted section of
the Constitution, the office of constable, juvenile officer,
city marshal and fireman are civil offices of emolument, as-
suming, of course, that the fireman is not a volunteer member
of the force.

With reference to your questions 1 and 3, the office
of constable does not come within any exception named in said
Constitutional provision. While Article 999, supra, authorizes
cities of less than three thousand (3,000) inhabitants accord-
ing to the preceding Federal census, to, by ordinance, dispense
with the office of marshal, and at the same time, by ordinance,
confer the duties of said office upon any peace officer of such
county, such action on the part of the city cannot be construed
as allowing or authorizing a constable, being a peace officer
of the county, to accept any compensation or emolument as for-
merly authorized to be paid to the city marshal.

On May 22, 1931, there was up before this department
the identical question as contained in your question No. 1 and
in an opinion written at that time by Hon. Bruce W. Bryant, As-
sistant Attorney General, and rendered to Hon. Alton B. Chap-
man, County Attorney, Dickens, Texas, the department ruled that
the city would have no authority to pay the constable a monthly
salary without constituting him a police officer of the city.
We concur with this ruling. See 34 Tex. Jur. Sec. 17, p. 347,
348 and 349; Thomas v. Abernathy County Land Independent School
District, 290 S. W. 152.

The acceptance of and qualifications for the office
of city marshal would, ipso facto, amount to a vacation of the
office of constable. Torno v. Hochstetler, 221 S.W. 631.

In answer to your questions 1 and 3, it is the opin-
ion of this department that the constable is inhibited by Arti-
cle 16, Sec. 40, from receiving under the provisions of Arti-
cle 999, R. C. S., 1925, any compensation for performing the
duties of city marshal. This section of the Constitution also

prohibits the constable from acting as a member of the city fire department of a city within his precinct and receiving pay for his services as a city fireman.

With reference to your second question, you will note that Article 5142, as amended, provides for the appointment of the County Juvenile officer, and prescribes the compensation and expenses to be allowed to that office. A juvenile officer of the county, being a public officer, is vested with all the power and authority of police officers or sheriffs incident to their offices throughout the county, which may include a city of more than twenty-nine thousand (29,000) population. The above-quoted statute provides that any school-attendance officer, officer of the county, or of any school districts in the county, that may be authorized by law, may be selected to fill the office of county juvenile officer, in which event, the salary and expense of such joint juvenile officer or officers and attendance officers shall be paid jointly by the county and school authorities upon any basis of division they may agree upon. Should we grant that the city has authority to employ a city juvenile officer, there is no provision in the statutes which would authorize the selection by the County Judge upon approval of the County Juvenile Board, of a city officer, whereby his salary or expenses may be jointly paid by both the county and city authorities.

An officer is not entitled to any compensation in addition to that which has been fixed by law for the performance of the duties of his office, even though the compensation so fixed is unreasonable or inadequate. He may be required by law to perform specific services or discharge additional duties, for which no compensation is provided. 34 Tex. Jur. p 531.

An officer may not recover from third persons compensation for the performance of acts within the scope of his official duties; and effect will not be given to a contract whereby he is to receive from the county or from third persons a different, or a greater or less compensation for his official services than that which has been prescribed by law. 34 Tex. Jur. p. 534; Bates v. Thompson, 61 Tex. 335.

In Stringer v. Franklin County, 123 S. W. 1168, the court held in effect that where the law fixes the com-

10

pensation which an officer is to receive for given services, or imposes upon him the duty of performing his service without specifically fixing any compensation therefor, he cannot lawfully contract or receive from any other source any additional compensation.

In answer to your second question, therefore, it is the opinion of this department that a county juvenile officer appointed under the provisions of Article 5142, R.C.S., 1925, as amended, is not authorized to receive an allowance from a city within such county for expense in the use of his car in the performance of the duties connected with the juvenile department of such city, assuming such duties of the county juvenile officer to cover and include the same as such city would be authorized to have performed and vested in any city police officer.

Trusting the above answers your questions, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Wm. J. R. King
Assistant

APPROVED JUL 31, 1939
Wm. K. Bill
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN